FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN - 8 2005
JAMES W. McCORMACK, CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

EARL BRYANT, JR.                                                    PLAINTIFF

v.                              4:04CV00720 GH/JTR

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                             DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Plaintiff, Earl Bryant, Jr., has appealed the final decision of the Commissioner of the Social Security Administration denying his claim for Supplemental Security Income (SSI). Both parties have submitted appeal briefs, and the issues are now joined and ready for disposition.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). Substantial evidence on the record as a whole entails a more scrutinizing analysis in which the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005). The Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Id.*; *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Plaintiff alleged disability[1] based on high blood pressure and pain in his chest, back, shoulders, and joints. (Tr. 59, 104, 126.) After conducting an administrative hearing, the Administrative Law Judge[2] ("ALJ") concluded that Plaintiff had not been under a disability, within the meaning of the Social Security Act, at any time through May 24, 2004, the date of his decision. (Tr. 17.) On July 10, 2004, the Appeals Council received and considered additional argument and then denied Plaintiff's request for a review of the ALJ's decision; thereby making it the final decision of the Commissioner. (Tr. 4-6.) On July 28, 2004, Plaintiff filed his Complaint (docket entry #2) initiating this appeal.

Plaintiff was 57 years old at the time of the administrative hearing and has graduated from high school. (Tr. 57, 110, 170.) He has past relevant work as a grocery store owner. (Tr. 72-73, 82, 95-96, 105.)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 404.1520(b)(2004). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. *Id.*

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has an impairment or combination of impairments which significantly limits claimant's ability to perform basic work activities, a "severe" impairment. *Id.*, § 404.1520(c). If not, benefits are denied. *Id.*

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling.

---

[1]"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

[2]The Hon. Don R. Rebsamen.

*Id.*, § 404.1520(d). If so, and the duration requirement is met, benefits are awarded. *Id.*

If claimant does not meet or equal a Listing, then a residual functional capacity ("RFC") assessment is made based on all the relevant medical and other evidence. *Id.*, § 404.1520(e). This RFC assessment is utilized at Steps 4 and 5. *Id.*

Step 4 involves a determination of whether the claimant has sufficient RFC, despite the impairment(s), to perform the physical and mental demands of past relevant work. *Id.*, § 404.1520(f). If so, benefits are denied. *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.*, § 404.1520(g). If so, benefits are denied; if not, benefits are awarded. *Id.*

The ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since October 10, 1999, his alleged onset of disability (Tr. 16); (2) had "severe" impairments, including high blood pressure, headaches, chest pain, syncopal episodes, and generalized arthritis, especially in both knees (*id.*); (3) did not have an impairment or combination of impairments that met or equaled a Listing (*id.*); (4) was not totally credible (*id.*); (5) retained the RFC for a narrowed range of medium work (Tr. 14); (6) was unable to perform his past relevant work as a meat cutter and grocery store owner (*id.*); but (7) was able to perform numerous other jobs that existed in the economy, including kitchen helper and hospital cleaner. (Tr. 15-16.) Thus, the ALJ concluded that Plaintiff was not disabled. (Tr. 17.)

In reaching his decision, the ALJ correctly noted that, once Plaintiff was determined to be unable to perform his past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that he could perform, given his RFC, age, education, and past work. (Tr. 15.) In this case, the ALJ relied upon the testimony of a vocational expert witness, in response to a hypothetical question, to find that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding his limitations. (Tr. 15-16, 192-94.)

In Plaintiff's Appeal Brief (docket entry #7), he argues that the ALJ erred: (1) in not utilizing the Medical-Vocational Guidelines to find that Plaintiff was disabled; (2) in not explicitly stating Plaintiff's RFC in terms of the level of work (*i.e.*, sedentary, light, etc.) that he could perform; (3) in ignoring a request for a consultative examination and thus failing to develop the medical record; and (4) in making insufficient credibility findings. The Court will analyze each of these arguments separately.

First, Plaintiff contends that the ALJ erred in not utilizing the Medical-Vocational Guidelines to find that he was disabled. (*Plaintiff's App. Br.* at 8.) In *Reed v. Sullivan*, 988 F.2d 812, 816 (8th Cir. 1993) (emphasis in original), the Court explained the circumstances in which it is appropriate to use the guidelines to determine if a claimant was disabled:

> Generally, if the claimant suffers from nonexertional impairments that limit her ability to perform the full range of work described in one of the specific categories set forth in the guidelines, the ALJ is required to utilize testimony of a vocational expert. *Groeper v. Sullivan*, 932 F.2d 1234, 1235 n. 1 (8th Cir. 1991). In those instances, the ALJ cannot rely exclusively on the guidelines to direct a conclusion of whether claimant is "disabled" or "not disabled." *Thompson v. Bowen*, 850 F.2d 346, 349 (8th Cir. 1988). Instead, testimony of a vocational expert must be taken. *Groeper*, 932 F.2d at 1235. The exception to this general rule is that the ALJ may exclusively rely on the guidelines even though there are nonexertional impairments if the ALJ finds, and the record supports the finding, that the nonexertional impairments do not *significantly* diminish the claimant's RFC to perform the full range of activities listed in the guidelines. *Thompson*, 850 F.2d at 349-350 (emphasis added).

*Accord, McGeorge v. Barnhart*, 321 F.3d 766, 768-69 (8th Cir. 2003); *Holley v. Massanari*, 253 F.3d 1088, 1093 (8th Cir. 2001); *Holz v. Apfel*, 191 F.3d 945, 947 (8th Cir. 1999).

In determining if Plaintiff was disabled, the ALJ used the Medical-Vocational Guidelines only as a "framework" for his decision (Tr. 16-17) because he concluded that Plaintiff could *not* perform a full range of work based on seizure restrictions. (Tr. 14, 192.) Therefore, the ALJ properly utilized a vocational expert to meet the Commissioner's burden at step 5. *See Thompson v. Bowen*, 850 F.2d 346, 350 (8th Cir. 1988).

Plaintiff's argument is also flawed because it is based on the erroneous assumption that the ALJ determined Plaintiff could do no more than light work. (Br. 8.) In fact, the ALJ found

-4-

that Plaintiff could perform medium work. (Tr. 14.) Thus, even if the ALJ had used the Medical-Vocational Guidelines, they would have directed a finding of not disabled. Rules 203.14-16, Table No. 3, Appendix 2, Subpart P, Regulations No. 4.

Second, Plaintiff contends that the ALJ erred in failing to state his RFC in terms of the level of work he could perform. (*Pltf.'s App. Br.* at 9.) In his Findings of Fact and Conclusions of Law, the ALJ stated: "The claimant has the residual functional capacity to perform the physical exertion and nonexertional requirements of a narrowed range of work, on all exertional levels, as specified in the hypothetical question to the V.E." (Tr. 16.) In his questioning of the vocational expert, the ALJ limited the hypothetical individual's work to not more than medium.[3] (Tr. 193.) In the body of his decision, the ALJ also found that Plaintiff could perform medium work. (Tr. 14.) Thus, the facts establish that the ALJ did *not* commit the error alleged by Plaintiff.

Third, Plaintiff contends that the ALJ failed to develop the record because he ignored a post-hearing request for a consultative examination. (*Pltf.'s App. Br.* at 9-10.) Plaintiff underwent a consultative general physical examination in September of 2001. (Tr. 126-33.) The administrative hearing was held in July of 2003. (Tr. 167.) In March of 2004, "after reviewing the documents of record," Plaintiff's attorney requested a consultative examination by an internist in order to properly develop the record. (Tr. 166.)

The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. *E.g., Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). After reviewing the record, the Court concludes that it provided an adequate basis for the ALJ to make an informed decision on the question of whether Plaintiff was disabled.

Finally, Plaintiff argues that, as a matter of law, the ALJ's credibility findings were inadequate. (*Pltf.'s App. Br.* at 10-11.) The ALJ evaluated Plaintiff's subjective complaints (Tr.

---

[3] It is worth noting that the vocational expert also identified jobs at the light and sedentary work levels that the hypothetical individual could perform. (Tr. 193-94.)

14-15) using the factors identified by the Court in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984):

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints *solely* on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's claim of disability. No evaluations showed medical conditions that were disabling.[4] Furthermore, inconsistencies

---

[4] While Plaintiff complained of pain, a physical examination revealed a full range of motion of the cervical and lumbar spine. (Tr. 129.) Plaintiff also had full range of motion in all extremities, with no heat and no swelling, although he complained of pain in his shoulders and ankles. (Tr. 129-30.) He was neurologically intact; there was no muscle weakness or atrophy and no sensory abnormalities. (Tr. 130.) Limb function was within normal limits; he could abduct and flex his arms at the shoulders 90 degrees or more, stand and walk without assistive device, walk on heels-toes and squat and arise from a squatting position. (Tr. 131.) Gait and coordination were within normal limits. *Id.*

The ALJ properly noted Plaintiff's lack of atrophy, his good hand grip, gross and fine manual dexterity and ability to sit, stand and walk. (Tr. 15.) He noted Plaintiff's contentions about his activities of daily living. (Tr. 13.) He discussed the objective medical evidence and observed that it was inconsistent with Plaintiff's subjective complaints. (Tr. 13, 15.) He also observed that Plaintiff had no ongoing medical treatment during the relevant time period. (Tr. 15.)

An ALJ may properly consider Plaintiff's lack of sustained medical treatment when evaluating credibility. *See Hutton v. Apfel*, 175 F.3d 651, 655 (8th Cir. 1999) (plaintiff failed to maintain consistent treatment pattern for alleged mental impairments); *Johnson v. Chater*, 108 F.3d 942, 947 (8th Cir. 1997) (paucity of medical treatment inconsistent with subjective complaints of severe pain); *Gwatney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997) (failure to seek medical assistance contradicts subjective complaints of disabling conditions); *Comstock v.*

between the medical evidence and Plaintiff's subjective complaints of pain gave the ALJ reason to discount those complaints. *Richmond v. Shalala*, 23 F.3d 1141, 1443 (8th Cir. 1994). Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of Plaintiff's allegations, the type of medications taken, the lack of more treatment or more consistent treatment, his functional capabilities, and the lack of restriction placed on Plaintiff by his physicians, the ALJ could rightly discount Plaintiff's subjective complaints. *See Thomas v. Sullivan*, 928 F.2d 255, 259-60 (8th Cir. 1991); *Cabrnoch v. Bowen*, 881 F.2d 561, 564 (8th Cir. 1989).

Plaintiff also contends that the ALJ did not make credibility findings as to the "witnesses' statements." (*Pltf.'s App. Br.* at 11.) To the contrary, the ALJ discussed the testimony of Plaintiff's daughter, but found that it merely echoed Plaintiff's statements. (Tr. 15.) Importantly, in this case, proof of disability did not depend substantially upon subjective evidence.[5] Thus the Court concludes that the ALJ satisfactorily set forth his evaluation of the credibility of Plaintiff's daughter. *See Turley v. Sullivan*, 939 F.2d 524, 528 (8th Cir. 1991).

If an ALJ discredits a claimant's credibility and gives a good reason for doing so, a court will defer to the ALJ's judgment even if every *Polaski* factor is not discussed in depth. *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001). The ALJ's credibility analysis was proper. He made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's

---

*Chater*, 91 F.3d 1143, 1147 (8th Cir. 1996) (failure to seek regular medical treatment for problems); *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995) (while not dispositive, failure to seek treatment may indicate relative seriousness of medical problem).

[5] This is not a case, as in *Smith v. Heckler*, 735 F.2d 312 (8th Cir. 1984), and *Basinger v. Heckler*, 725 F.2d 1166 (8th Cir. 1984), where the ALJ ignored substantially uncontroverted subjective testimony of family members and others on a crucial issue:
> Where proof of a disability depends substantially upon subjective evidence, as in this case, a credibility determination is a critical factor in the Secretary's decision. Thus, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding."

*Basinger*, 725 F.2d at 1170 (quoting *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983)).

subjective complaints. *E.g., Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996); *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995).

The Court concludes that the record as a whole contains ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991). The Court further concludes that the ALJ's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be hereby affirmed and Plaintiff's Complaint be dismissed, with prejudice.

DATED this 8th day of June, 2005.

UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS**
UNITED STATES POST OFFICE & COURTHOUSE
600 WEST CAPITOL AVENUE, ROOM 149
LITTLE ROCK, ARKANSAS 72201

J. THOMAS RAY
UNITED STATES MAGISTRATE JUDGE

(501) 604-5230
FAX# 604-5237

June 8, 2005

Mr. James W. Stanley, Jr.
Stanley Law Firm, P.A.
301 North Broadway
North Little Rock, AR 72114

Ms. Stacey E. McCord
Assistant United States Attorney
P. O. Box 1229
Little Rock, AR 72203-1229

    Re:    Earl Bryant, Jr. v. Commissioner, SSA
            Case No. 4:04cv00720 GH/JTR

Dear Mr. Stanley and Ms. McCord:

    Enclosed is a copy of my Proposed Findings and Recommended Disposition in this case.

    The parties may file specific written objections to these Proposed Findings and Recommended Disposition, along with the factual or legal basis for the objections. An original and one copy of the objections must be filed with the Clerk of Court no later than eleven (11) days from the date of this letter, and a copy must be served on the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact. Even in the absence of objections, United States District Judge George Howard, Jr., may reject the findings and recommendation in whole or in part.

                                        Very truly yours,

                                        J. Thomas Ray
                                        United States Magistrate Judge

JTR/jjm
Enclosure

cc:    The Honorable George Howard, Jr., United States District Judge
        File